**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER NAVARRO, Jr., | No. 10-16508 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02562-JAM-EFB |
| v. | |
| STATE OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Peter Navarro, Jr. appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law violations in connection with the prosecution of a sex offense charge against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (failure to state a claim and Eleventh Amendment immunity); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (prosecutorial immunity). We may affirm on any ground supported by the record. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1076-77 (9th Cir. 2003). We affirm in part, vacate in part, and remand.

The magistrate judge properly recommended, and the district court properly entered, dismissal with prejudice as to the constitutional claims barred by absolute immunity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (discussing Eleventh Amendment immunity); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (addressing the scope of prosecutorial immunity). As to the remaining claims for which the magistrate judge recommended granting leave to amend, dismissal was proper because Navarro failed to comply with Fed. R. Civ. P. 8 and to link specific defendants with specific constitutional violations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires a short and plain statement of a claim that gives the defendant fair notice of the claim and its basis); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (discussing causation element of a § 1983 claim). Accordingly, after Navarro declined to amend his complaint, the district court properly dismissed the constitutional claims with prejudice.

Dismissal of Navarro's claims against the Vacaville Police Department was

proper because Navarro failed to allege facts showing that a department policy or custom, or the department's deliberately indifferent failure to train its officers properly, resulted in injury to him. *See Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir. 2000) (discussing grounds for § 1983 liability against a police department).

To the extent that Navarro asserts a § 1983 claim against Solano County based on his registration as a sex offender, dismissal was proper because Navarro failed to allege facts showing that a county custom or policy caused him injury. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 469-70 (9th Cir. 2003) (en banc).

Dismissal of Navarro's § 1983 claim based on his parole conditions was proper because the Board of Prison Terms and its chairman in his official capacity were entitled to Eleventh Amendment immunity, *see Flint*, 488 F.3d at 824-25, and Navarro failed to allege facts showing that the chairman in his individual capacity caused Navarro's alleged constitutional injury, *see Leer*, 844 F.2d at 633.

However, Navarro also asserted state law claims against several defendants based on his registration as a sex offender. Because the district court failed to address these claims, we vacate the judgment in part and remand so that the court may decide whether to exercise supplemental jurisdiction over these claims. *Cf.*

*Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (requiring clarification on remand that dismissal based on declining supplemental jurisdiction was without prejudice).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Navarro's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

10-16508